IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF JACQUELINE McCARN INGRUM, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 3:09-CV-255-WKW [WO] |
| FINANCIAL FREEDOM ACQUISITION, ) LLC, *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the Estate of Jacqueline McCarn Ingrum ("the Estate"), moves for relief from this court's order granting summary judgment in favor of Defendants Financial Freedom Acquisition, LLC ("Financial Freedom"), Pacific Reverse Mortgage, Inc. ("Pacific"), and Shaun Donovan, as Secretary of United States Department of Housing and Urban Development ("HUD") (collectively "Defendants").  This cause is before the court on the Estate's Motion to Alter, Amend, or Vacate (Doc. # 69), pursuant to Federal Rule of Civil Procedure 59(e), and Defendants' responses (Docs. # 71, 74).  Upon consideration of counsel's arguments, the relevant law, and the record as a whole, the Estate's motion is due to be denied.

**I.  LEGAL STANDARD**

A motion to alter, amend or vacate is governed by Federal Rule of Civil Procedure 59(e).  "In the interests of finality and conservation of scarce judicial resources,

reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1344 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been presented prior to the entry of judgment. *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## II. DISCUSSION

As Plaintiff has set forth no new evidence, Plaintiff's Rule 59(e) argument must necessarily rest upon perceived "manifest errors of law or fact" in the court's Memorandum Opinion and Order (Doc. # 67) granting summary judgment in favor of Defendants. Other than stating that the motion is filed pursuant to Rule 59 (Doc. # 69, at 1), Plaintiff does not brief the legal standard for Rule 59 motions or state why any of its arguments are deserving of such an "extraordinary remedy." *Bailey*, 288 F. Supp. 2d at 1267.

Rather, a reading of Plaintiff's brief reveals that it is merely disagreeing with the court's conclusions of law and fact and it does "nothing but ask the [court] to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Because Plaintiff has "identified no new evidence or manifest error" and is "merely

attempt[ing] to reargue factual issues previously decided by [this court]," *Morton v. Astrue*, 380 F. App'x 892, 895 (11th Cir. 2010), the motion is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Alter, Amend, or Vacate (Doc. # 69) is DENIED.

DONE this 15th day of June, 2011.

                                                /s/ W.  Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE